UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLINE COCKBURN | CIVIL ACTION |
| VERSUS | NO. 22-2058 |
| APEX OIL COMPANY, INC., *et al.* | SECTION M (4) |

## ORDER & REASONS

Before the Court is a motion for leave to reopen limited discovery regarding Dr. Alexis Waguespack filed by defendant Buffalo Marine Service, Inc. ("Buffalo Marine").[1] Buffalo Marine argues that it should be able to pursue discovery into Dr. Waguespack's certification with the American Board of Orthopaedic Surgery ("ABOS") because she has provided, under oath, three different accounts of her certification – namely, (1) it never lapsed, (2) it lapsed due to the COVID-19 pandemic, and (3) she twice failed the certification test.[2] When Buffalo Marine subpoenaed the ABOS for Dr. Waguespack's records, plaintiff's counsel filed an unsuccessful motion to quash and then, by letter, twice told the ABOS not to comply with the subpoena.[3] Because the full breadth of Dr. Waguespack's inconsistencies came to light after the June 6, 2025 discovery deadline, partially in a deposition that the parties agreed to take after the deadline, Buffalo Marine contends that there is good cause to reopen limited discovery into this issue.[4] Buffalo Marine argues that a trial continuance is not necessary because the responsive records are not anticipated to be voluminous.[5]

---

[1] R. Doc. 201.
[2] R. Doc. 201-1 at 1-6. Dr. Waguespack admitted that she twice failed the test in a deposition for another case in which the plaintiff was represented by the same counsel as plaintiff Cline Cockburn. *Id.* at 6. Buffalo Marine's counsel learned of the testimony "by chance." *Id.* at 5-7 (quote at 6).
[3] R. Doc. 201-1 at 4-5.
[4] *Id.* at 8.
[5] *Id.*

Plaintiff Cline Cockburn responds in opposition, arguing that Buffalo Marine has been dilatory in seeking the discovery and he would be prejudiced by having "to divert critical resources away from trial preparation to defend against a collateral fishing expedition into Dr. Waguespack's credentials."[6] Cockburn further argues that Buffalo Marine should be sanctioned for pursuing discovery without leave of court after the deadline by taking Dr. Waguespack's deposition on June 9, 2025, emailing the ABOS for Dr. Waguespack's records, and issuing a subpoena to ABOS.[7] Cockburn asserts that the discovery is not important as it does not relate to the issues of causation, treatment, and damages and that a continuance is not warranted.[8]

In reply, Buffalo Marine points out that Dr. Waguespack was deposed after the discovery deadline by agreement of the parties and on a date that worked for Dr. Waguespack's schedule.[9] Buffalo Marine also argues that it has not delayed in seeking the discovery as the subpoena was issued to the ABOS one week after the close of discovery and Cockburn has been fighting it for three months.[10] Further, says Buffalo Marine, the discovery is important as it pertains not only to Dr. Waguespack's credibility, but also her competence.[11] Buffalo Marine reurges that the limited nature of the discovery means that it will not require a trial continuance.

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension." *Garza v. Webb Cnty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The Trial

---

[6] R. Doc. 213 at 1-7 (quote at 3).
[7] *Id.* at 1-2, 5.
[8] *Id.* at 6.
[9] R. Doc. 214 at 1-2.
[10] *Id.* at 2-3.
[11] *Id.* at 3.

Court has, and must have, of course, a wide and flexible discretion in the daily guidance of a case through the preparatory stages looking toward the climax of a trial." *Mitchell v. Johnson*, 274 F.2d 394, 401 (5th Cir. 1960).

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that reopening limited discovery regarding Dr. Waguespack's board certification is warranted because the Court previously ruled that defendants may introduce evidence of Dr. Waguespack's lapse in certifications and the reason for that lapse is relevant to her credibility and competence. Dr. Waguespack has been less than forthcoming about the circumstances surrounding the lapse in her ABOS certification. And, more alarmingly, plaintiff's counsel has aided in the obfuscation by instructing the ABOS not to answer a subpoena. The Court will not fault Buffalo Marine for pursuing an issue that came to light after the discovery deadline, and moreover, it certainly will not fault Buffalo Marine for conducting a deposition three days after the deadline when the parties, and witness, agreed to do so. Accordingly,

IT IS ORDERED that Buffalo Marine's motion for leave to reopen limited discovery regarding Dr. Waguespack (R. Doc. 201) is GRANTED.

New Orleans, Louisiana, this 2nd day of October, 2025.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE